HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INSYNQ, INC., a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOANIE C. MANN and SEAN MANN, a wife and husband and the marital community composed thereof,<br><br>　　　　　　Defendants. | CASE NO. 3:12-cv-05464 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

　　　THIS MATTER is before the Court on Plaintiff Insynq's Motion to Remand this action to Pierce County Superior Court, and Insynq's Motion for Sanctions. (Dkt. #s 8 and 19). For the reasons below, Insynq's Motion to Remand is GRANTED and Insynq's Motion for Sanctions is DENIED. Defendant Mann's request for attorney's fees is DENIED.

## I.  FACTUAL BACKGROUND

Insynq, Inc. is an application service provider which provides virtual desktops and remotely hosts applications for accountants and small business owners. Decl. of Kalish, Ex. A, Pl.'s Compl. at ¶ 2.1 (Dkt. # 2). In 2000, Insynq's predecessor hired Defendant Joanie Mann[1] as the Vice President of Operations. *Id*. Mann's responsibilities related to sales and sales support, which included "writing and content development." *Id*. at Ex. B to Decl. of Gorst (Dkt. # 2).

In February 2010, at Insynq's request, Mann signed an "Employee Nondisclosure and Non-Compete Agreement." *Id*. at Ex. C to Decl. of Gorst. The agreement prohibits Mann from competition with Insynq during her employment or twelve months thereafter. *Id*. In addition to broad confidentiality and non-solicitation restrictions contained in the agreement, Mann would not: "(1) compete for or solicit business related to an application service provider; (2) own, operate, or participate in employment with any entity in the business of marketing and selling application service provider business; (3) compete or solicit application service provider business from any customer of Insynq; or (4) use in any competition, solicitation, or marketing effort, any confidential information of Insynq." Pl.'s Motion to Remand at 2:20-24 (Dkt. # 8).

During her employment, Mann registered three domain names and began writing their corresponding blogs: "Bookkeeping in Bunny Slippers," "Ca4Ca," and "Quickbooks in the Cloud." Def.'s Resp. at 3:7-11 (Dkt. # 13 ). The parties dispute ownership of the blogs despite agreement that Mann created all content featured on the blogs during her employment.

On February 8, 2012, Insynq terminated Mann without cause. Insynq shortly thereafter learned that Mann had violated the Non-Compete Agreement. Decl. of Grost (Dkt. # 2). Insynq

---

[1] Defendants are referenced together as "Mann" in this Order.

asked Mann to return the three blogs' credentials and she refused.[2]  Insynq sued in Pierce County Superior Court on April 5, 2012, asserting three causes of action: (1) Breach of contract; (2) Misappropriation of trade secrets; and (3) Unfair competition violating RCW 19.86.  Pl.'s Compl. (Dkt. # 2). Insynq requested injunctive relief to restrain further violation of the Non-Compete Agreement, and judgment for damages arising from violations already occurred. *Id*. The same day, Insynq obtained a temporary restraining order relating to the alleged violation of her Non-Compete Agreement.  Decl. of Kalsih, Ex. A, Exparte Restraining Order (Dkt. #2).

On May 4, during the hearing on Insynq's Motion for a Preliminary Injunction, Mann's counsel argued that Insynq's claims were preempted by Federal copyright law.  Decl. of Kalish at 2:12-13 (Dkt. # 15). On May 10, Insynq provided Mann with a Proposed Order Granting its Motion for Preliminary Injunction relating to the May 4 hearing, which directed Mann to release the credentials.  Mann asserts that by seeking her credentials Insynq triggered a copyright claim. Decl. of Kalish, Ex.C, Proposed Order Granting Preliminary Injunction at 8:1-2 (Dkt. # 15). Insynq has not requested control over Mann's articles.  The superior court granted Insynq's motion for preliminary injunction on May 18.  Its order enjoined Mann from taking further action in violation of the Non-Compete and required her to release the blogs' credentials on May 21without posting anything further on the blogs.  Decl. of Kalish, Ex. A, Order Granting Preliminary Injunction . at 8:1-2 (Dkt. # 2).[3]

Pursuant to the May 18 Preliminary Injunction, Mann released the blog credentials to Insynq.  Insynq then removed all of Mann's articles from the blogs.  Decl. of Grost (Dkt. # 18).

---

[2] The parties refer to the blogs' login information, such as the username and password, as the "credentials."  Proper login credentials are required to post on the blogs. *See* Def.'s Resp. at 3:15-17.

[3] Because the Court concludes that Insynq does not raise a copyright claim or defense, timeliness is not addressed.

1  Defendants removed the case to this Court on May 25, 2012 on the basis of federal
2  question jurisdiction, asserting that Insynq's claims were preempted by federal copyright law.
3  (Dkt. # 1).  Insynq seeks remand, arguing that copyright law does not apply because it is
4  asserting ownership over the blogs themselves, and not the content of Mann's writings.

## II.   DISCUSSION

A party seeking removal bears the burden of proving that the district court has original jurisdiction because the claim "arises under the Constitution, laws, or treaties of the United States." *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); 28 U.S.C. § 1331.  An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The removal statute is strictly construed against removal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

**A. Plaintiff's Motion to Remand**

A plaintiff may "avoid federal jurisdiction by relying on exclusively state law" in the complaint.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.  A properly pleaded complaint does not "avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  However, mere reference of a federal statute "will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Id*.

1   Yet in "extremely rare" circumstances, "removal jurisdiction may exist when a plaintiff's state law claims arise out of events or circumstances within a field entirely occupied by federal law." *Hendricks v. Dynegy Power Mktg., Inc.*, 160 F. Supp. 2d 1155, 1158 (S.D. Cal. 2001). For the purposes of the well-pleaded complaint rule, federal law that entirely occupies a particular field converts an ordinary state common-law complaint into a federal law claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542 (1987). "The Supreme Court has recognized complete preemption only with respect to the Labor Management Relations Act, the Employee Retirement Income Security Act of 1974," and the National Bank Act usury claims. *Hendricks*, 160 F.Supp.2d at 1158 (declining to find complete preemption under the Federal Power Act) (internal citations omitted); *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10, 123 S.Ct. 2058 (2003).

   Under the Copyright Act, district courts have original jurisdiction over "any civil action arising under any Act of Congress relating to … copyrights and trademarks." 28 U.S.C. 1338(a). Additionally, the Ninth Circuit has "adopted a two-part test to determine whether a state law claim is preempted by the [Copyright] Act." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). First, the "'subject matter' of the state law claim must fall within the subject matter of copyright as described in 17 U.S.C. §§102 and 103." *Id*. Then, if the subject matter falls within the statute, "the rights asserted under state law" must be "equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id*. at 1137-38. To avoid preemption, the state law claim must have an "extra element" which changes the nature of the cause of action. *Id*. at 1143 (citing *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973 (9th Cir. 1987), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 113 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

1    Mann assert that Insynq's state law claims are actually copyright claims.  Although
2  Insynq never asserted a copyright claim, Mann maintains that Insynq's proposed order for
3  preliminary injunction requesting "Ms. Mann turn over the credentials for those three blogs to
4  [Insynq] by noon on May 21, 2012, and shall not post any further," converted the state law claim
5  to a copyright claim.  Decl. of Kalish, Ex. A, Order Granting Preliminary Injunction at 8:1-2
6  (Dkt. # 2); Def.'s Resp. at 8:19-20.  Mann claims that the "blogs constitute protected intellectual
7  property," and control of the login credentials "directly implicates the exclusive rights reserved
8  to copyright holders."  Def.'s Resp. at 8:1-2; 8:19-20.  Mann views the login credentials as a
9  proxy to control her own, copyrightable work.  However, Mann fails to distinguish her
10  authorship from the medium where it was contained.  These are distinct and separate.  Insynq
11  requested the credentials for the blogs which Mann had written; it has asserted no interest in
12  Mann's articles.  Insynq seeks control over the medium, not the authorship once contained
13  therein.  Mann could have freely taken possession of her posts and saved or copied the writings
14  between the date the superior court granted Insynq's motion for preliminary injunction and the
15  time Mann was required to release the credentials.  She could have continued to ensure control
16  over her authorship.
17    Additionally, Insynq's state law claims fail the test set forth in *Laws* and are not
18  converted to a copyright claim.  Primarily, Insynq's claims do not meet the subject matter
19  portion of the test.  Generally, if the state law claim is within sections 102 and 103 of the
20  Copyright Act, it is covered by the subject matter of the Act and converted to a federal copyright
21  claim.  *Laws*, 448 F.3d at 1139.  Section 102 provides copyright protection to "original works of
22  authorship fixed in any tangible medium of expression… from which they can be…reproduced,
23  …either directly or with the aid of a machine or device."  17 U.S.C. § 102(a).  Insynq's claims
24

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND - 6

are not within the subject matter of the Act because the complaint alleges violation of the Non-Compete and seeks control over the medium and not the authorship.  Additionally, the blogs now in Insynq's control no longer contain any of Mann's writing, further undermining her argument that Insynq seeks rights to her work.  Decl. of Mann at 4:17-18 (Dkt. # 14).  Insynq's complaint does not seek relief for any reproduction of potentially copyrighted material, but rather seeks relief for actions Mann may have taken in violation of the Non-Compete Agreement.  Thus, Insynq's claims are not within the subject matter of the Copyright Act, and therefore the second part of the two-part test set forth in *Laws* is inapplicable.  There is no federal question jurisdiction. The Motion for Remand is therefore GRANTED.

### B. Plaintiff's Motion for Sanctions

Insynq seeks sanctions against Mann under CR (11)(b) for failure to ground the removal in fact or legal authority supporting that Insynq asserted a copyright claim.  Although Mann's arguments for removal are without legal merit, they are not frivolous or made for an improper purpose.

### III.   CONCLUSION

Plaintiff's motion for remand is GRANTED, and its motion for sanctions is DENIED. Defendants' request for attorney's fees is DENIED.  The matter is REMANDED to the Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 29th day of August, 2012.

_/s/ Ronald B. Leighton_
Ronald B. Leighton
United States District Judge